CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 4 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES ELLERSON CARROLL, JR., | ) | CASE NO. 7:12CV00573 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| BYINGTON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Charles Ellerson Carroll, Jr., a Virginia inmate proceeding pro se, filed this civil rights

action pursuant to 42 U.S.C. § 1983 alleging that a correctional officer made sexually suggestive

comments to him. Upon review of the record, the court finds that the action must be summarily

dismissed.

Carroll is an inmate at Wallens Ridge State Prison. The allegations in Carroll's § 1983

complaint are brief: "On 8-10-12, C/O Byington came to my cell #D1-101 during breakfast and

stated, "If you suck my d---, I'll give you an extra tray. [I]f you suck it real good, I'll give you

some dip." As relief in this action, Carroll demands one million dollars.

The court is required to dismiss any action filed by a prisoner against a governmental

officer if the court determines the action is frivolous, malicious, or fails to state a claim on which

relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a

plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws

of the United States and that this deprivation resulted from conduct committed by a person acting

under color of state law. West v. Atkins, 487 U.S. 42 (1988). Allegations of verbal abuse and

harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis,

153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

Carroll's allegations describe nothing more than verbal comments from the defendant. Although crude and unprofessional, the defendant's alleged conduct, even if proven, does not rise to the level of a constitutional violation actionable under § 1983. Accordingly, the court dismisses Carroll's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. A separate order will issue this day.

ENTER: This 4th day of January, 2013.

_____
Chief United States District Judge